IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


United States of America,                                      Case No. 3:93CR746

　　　　　　Plaintiff

　　v.                                                                      ORDER

Craig Houston,

　　　　　　Defendant


　　　　This is a criminal case in which the defendant has filed a petition for a writ of audita querela. (Doc. 578). The government opposes the petition. For the reasons that follow, the petition shall be denied.

　　　　Historically, audita querela existed as a remedy primarily for judgment debtors. U.S. v. Ayala, 894 F.2d 425, 427 (D.C.Cir.1990). The common law writ was typically employed by a judgment debtor in a civil case against the execution of a judgment because of some defense or discharge arising subsequent to the rendition of the judgment or the issue of the execution. *U.S. v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005) (internal citations omitted). Today, because it requires satisfaction of the judgment, it can only be used when the petitioner has served his sentence and been released from custody. *Frost v. Snyder*, 13 Fed.Appx. 243, 246, n.1 (6th Cir. 2001).

　　　　Likewise, the writ of error coram nobis is used to vacate a federal sentence or conviction when a 28 U.S.C. § 2255 motion is unavailable — generally, when the petitioner has served his sentence completely and thus is no longer "in custody" as required for 28 U.S.C. § 2255 relief. *Blanton, supra*, 94 F.3d at 231;  *see also U.S. v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001). A

prisoner may not seek a writ of audita querela if he "may seek redress under § 2255." *U.S. v. Banda*, 1 F .3d 354, 356 (5th Cir.1993).

Houston claims that *U.S. v.Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), applies to him. He states that he was convicted and sentenced prior to *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004), and that no case had suggested prior to that time that application of the Sentencing Guidelines would be made advisory, not mandatory. Therefore Houston seeks "relief under the newly created rights by the Supreme Court" to be resentenced under the advisory Sentencing Guidelines because at his original sentencing, the Court indicated it felt the sentence it was obliged to impose was too harsh.

I dismiss Houston's writ for three reasons.

First, the extraordinary writs of audita querela and coram nobis are only applicable to the extent they fill gaps in the system of federal post-conviction remedies. Because redress is available with regard to the issue Houston raises is available through the federal post-conviction relief statute, 28 U.S.C. § 2255, there is no gap that needs filling. Therefore such writs do not apply. *See, e.g., Massey v. U.S.*, 581 F.3d 172 (3rd Cir.2009) (audita querela not available where claim cognizable under § 2255); see also *U.S. v. Baptiste*, 223 F.3d 188, 189-90 (3rd Cir. 2000) (per curiam) (prisoner may not resort to a writ of coram nobis merely because he cannot meet gatekeeping requirements of § 2255).

Here, as in *Frost, supra*, 13 Fed.Appx. at 250, relief § 2255 is also not rendered inadequate or ineffective simply because Houston has already been denied relief under § 2255.

Second, because writs of audita querela and coram nobis require satisfaction of the judgment, they can only be used when the petitioner has served his sentence and been released from custody.

Houston has not been released from custody. *See, e.g., Craven v. U.S.*, 26 Fed.Appx. 417, 419, 2001 WL 1590549 (6th Cir. 2001); *Roman v. U.S.*, 2007 WL 1747160, *1 (N.D. Ohio 2007).

Third, a writ of coram nobis petition will be granted only when the petitioner demonstrates an error of fact unknown at the time of trial. Houston bases his writ not on an error of fact, but a on a change in the law – the Supreme Court's decision in *Booker*. "Coram nobis is an extraordinary writ, used only to review errors of the most fundamental character — e.g., errors rendering the proceedings themselves invalid." *U.S. v. Johnson,* 237 F.3d 751, 755 (6th Cir. 2001).

The label Houston is using in this, his most recent in a series of post-conviction challenges to his sentence doesn not matter:

> Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton v. U.S.*, 359 F.3d 855, 857 (7th Cir. 2004)(citations omitted).

The substance of the petition is relief under *Booker*. Just because such relief is not otherwise available – as it is not here – does not mean it becomes so *via* an extraordinary writ.

It is, therefore,

ORDERED THAT the petition be, and the same hereby is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
