# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:93CR746 |
| Plaintiff | |
| v. | **ORDER** |
| Craig S. Houston, | |
| Defendant | |

Before me is Defendant Craig Houston's "Motion for Modification of Conditions of Supervised Release." (Doc. 621). Houston asks me to modify the terms of his supervised release to serve his supervised release in the Northern District of Texas rather than the Northern District of Ohio. For the reasons set forth below, Houston's motion is denied.

**Background**

In July, 1994, following a bench trial, I found Houston guilty of participating in a conspiracy to transport cocaine (Count 1, 21 U.S.C. §§ 841(a)(1) and (846)), being a felon in possession of ammunition (Count 7, 18 U.S.C. § 922(g)), and possession of a firearm in relation to a drug trafficking crime (Count 8, 18 U.S.C. § 924(c)). I acquitted Houston of possession with intent to distribute crack cocaine (Count 2, 21 U.S.C. § 841(a)(2)).

Houston received life imprisonment on Count 1, 120 months concurrent imprisonment on Count 7, and sixty months consecutive imprisonment on Count 8. As part of his supervised release, I ordered Houston to reside in the Northern District of Ohio.

In 2012, I reduced Houston's sentence on the conspiracy conviction to 360 months imprisonment in accordance with the 2011 crack-cocaine guideline amendments. 18 U.S.C. § 3582(c)(2).

On May 17, 2013, Houston filed this motion under 18 U.S.C. § 3583(e)(2) and Fed. R. Crim. P. 32.1(c). (Doc. 621). The Government filed an opposition. (Doc. 623). Houston has replied. (Doc. 624).

## Discussion

### A. Court's Power to Modify Conditions of Supervised Release

I "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2). In deciding whether modification is appropriate, I consider: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) deterrence; 3) protection of the public; 4) the need to provide the defendant with educational and vocational training, medical care or other rehabilitation; 5) the sentence and applicable sentencing range; 6) any pertinent policy statement by the Sentencing Commission; 7) the need to avoid unwarranted sentence disparities; and 8) the need to provide restitution to any victims of the offense. 18 U.S.C. 3553(a)(1)-(7).

I may also order certain conditions of supervised release under § 3583(d). These conditions must: 1) be reasonably related to the factors just discussed; 2) involve no greater deprivation of

liberty than is reasonably necessary, and 3) be consistent with any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d)(1)-(3).

When a condition satisfies these elements, I may impose "any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate." 18 U.S.C. § 3583(d). One such condition may be an order for a defendant to "reside in a specified place or area, or refrain from residing in a specified area." 18 U.S.C. § 3563(b)(13).

### B. Propriety of Defendant's Request

Houston requests that he reside in the Northern District of Texas during his supervised release. Houston notes that his cousin, who would provide him support, resides there.  Moreover, he claims he has no family currently living in Ohio.  Thus, Houston argues, living in that location during supervised release would more smoothly facilitate his transition into the community.

The government responds that the motion is premature because Houston's release date is in August, 2019. The government also represents that the US Probation Office recommends that I not act upon the motion until the Bureau of Prisons (BOP) and the Probation Office have had an opportunity to address the request through normal procedures.

The government suggests that Houston submit his request to the Probation Office in Texas through the BOP.  The Probation Office "routinely investigate[s]" these requests. (Doc. 623 at 5). Finally, the government contends the motion is not ripe for my review.

In reply, Houston contends his actual release date could be in 2017 if he completes the Residential Drug Abuse Program and participates in the Second Chance Act. Moreover, he argues that failing to rule on his motion will result in lost halfway house and furlough time.

In light of the Probation Office's recommendation, I agree that Houston's motion is premature.  If Houston submits his request to the Probation Office in Texas, the office will investigate Houston's proposed release plan and  advise Houston and the BOP if it is approved or not.  The Probation Office typically requests these pre-transfer investigations twelve to eighteen months before an inmate's release.  Because Houston is six years from release, it would be premature for me to modify his supervised release now.

I also agree with the government that the motion is unripe. The doctrine of judicial ripeness prevents courts from entangling themselves in abstract disagreements. *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003). I should consider: 1) the fitness of the issues for judicial decision; and 2) the hardship to the parties of withholding court consideration. *Id.* at 808.

In *United States v. Shipley*, 825 F. Supp. 2d 984, 986-87 (S.D. Iowa 2011), the court prohibited the defendant from possessing any type of camera or video recording device as part of his supervised release. While still in jail, the defendant moved for modification arguing the restriction would constrain his future employment. *Id.* at 990. The court held that altering the conditions was unripe as "neither the Court nor Defendant knows the extent to which a camera will be necessary for his future employment." *Id.*

Similarly, Houston's request is unripe. While his cousin currently resides in Texas, that she stays there until Houston's release remains a contingent future event. Nothing prevents his cousin from moving for job or family reasons. Accordingly, the request is unfit for judicial decision at this time.

**Conclusion**

Because Houston's motion is premature and unripe, his Motion to Modify Conditions of Supervision (Doc. 621) is denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge